# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| ALPHA A. JALLOH, | : | |
|---|---|---|
| | : | |
| Petitioner | : | CIVIL ACTION NO. 3:13-00547 |
| | : | |
| v. | : | |
| | : | (MANNION, D.J.) |
| U.S. DEPT. OF HOMELAND | : | (SCHWAB, M.J) |
| SECURITY (ICE), et al. | : | |
| | : | |
| Respondents | : | |

## M E M O R A N D U M

Pending before the court is the report and recommendation, (Doc. No. 11), of Judge Susan E. Schwab recommending that the petition for writ of habeas corpus, (Doc. No. 1), be dismissed as moot, and that petitioner's motion to proceed in forma pauperis, (Doc. No. 3), be granted. The petitioner has not filed objections to the report and recommendation.[1] The report will be **ADOPTED IN ITS ENTIRETY**, the motion to proceed in forma pauperis will be **GRANTED**, and the petition for writ of habeas corpus will be **DISMISSED** and the case closed.

---

[1] Petitioner is no longer an inmate, and the forwarding address obtained from the Pike County Correctional Facility did not result in the mailing of the report and recommendation reaching Mr. Jalloh. (Doc. Nos. 10, 13, Docket Annotation of July 1, 2013). LR 83.18 obligates petitioner to maintain a current address on file with the court. Petitioner has not done that here, and so the court treats the report and recommendation as unobjected to by petitioner.

## I. STANDARD OF REVIEW

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

Where, as here, no objections to a report and recommendation are made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

## III. DISCUSSION

The sole relief requested in the petition for habeas corpus filed pursuant to 28 U.S.C. § 2241 is immediate release from detention by Immigration and Customs Enforcement ("ICE"). (Doc. No. 1). Petitioner has since been released from custody under an order of supervision pending removal. (*See* Doc. No. 8-1). As thoroughly explained in Judge Schwab's report, his habeas petition for release is now moot. *See* Sanchez v. Attorney General, 146 Fed. Appx. 547, 549 (3d Cir. 2005)(dismissing an appeal as moot where petitioner sought release and had already been released from custody). Thus, the report and recommendation of Judge Schwab will be **ADOPTED IN ITS ENTIRETY**, petitioner's motion to proceed in forma pauperis **GRANTED**, and the petition for writ of habeas corpus **DISMISSED** as moot. An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: October 10, 2013**
O:\Mannion\shared\MEMORANDA - DJ\2013 MEMORANDA\13-0547-01.wpd